**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NUMBER 6:12-CR-68-RC** |
| | § | |
| **LARRY NICK (4)** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender under Supervision" filed September 5, 2017, alleging that the defendant, Larry Nick, violated his conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n. 1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(1) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.    The Original Conviction and Sentence**

Defendant was sentenced on October 4, 2013, by United States District Judge Michael H. Schneider, after pleading guilty to the offense of Possession of a List I Chemical, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. Judge Schneider accepted the plea agreement made pursuant to FED. R. CRIM. P. 11(c)(1)(C) and sentenced Defendant to 48 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse testing and treatment.

## II. The Period of Supervision

Defendant completed his period of imprisonment and began serving his term of supervised release on June 15, 2015. Judge Schneider revoked Defendant's supervised release on October 28, 2015 and sentenced Defendant to 14 months of imprisonment to be followed by 1 year of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse testing and treatment. Defendant completed his term of imprisonment and began serving his term of supervised release on June 22, 2016. The case was re-assigned to United States District Judge Ron Clark on December 12, 2016.

## III. The Petition

United States Probation Officer Daisy Pridgen filed the Petition for Warrant for Offender under Supervision raising one allegation. The petition alleges that Defendant violated the following condition of release:

> **Allegation 1** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. It is alleged that Defendant tested positive for amphetamine and methamphetamine on May 25, 2017; June 6, 2017; June 26, 2017; and August 16, 2017.

## IV. Proceedings

On April 3, 2018, the undersigned convened a hearing pursuant to FED. R. CRIM. P. 32.1 to hear evidence and arguments on whether the Defendant violated his conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement had been reached as to a recommended disposition regarding the petition. The Defendant agreed to plead "true" to Allegation 1 in the petition. In addition, the parties agreed that the Defendant should be sentenced to a term of imprisonment of 14 months with no further

supervised release. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Ft. Worth, alternatively to FCI Seagoville, to facilitate family visitation and to accommodate his medical and mental health care. Defendant further requested a recommendation for mental health treatment.

### V. Applicable Law

According to 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years if such offense is a Class B felony, more than 2 years if such offense is a Class C or D felony, or more than 1 year in any other case. The original offense of conviction here was a Class C felony; therefore, the maximum sentence is 2 years of imprisonment.

According to U.S.S.G. § 7B1.1(a),[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervision by using amphetamine and methamphetamine as alleged in the petition, Defendant will be guilty of committing a Grade C violation. With Defendant's original criminal history category of VI, the applicable guideline range for a Grade C violation is 8 to 14 months of imprisonment. If the Court finds by a

---

[1] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *see also United States v. Price*, 519 Fed.Appx. 560, 562 (11th Cir. 2013).

preponderance of the evidence that Defendant violated his conditions of supervision by possessing amphetamine and methamphetamine as alleged in the petition, Defendant will be guilty of committing a Grade B violation. With Defendant's original criminal history category of VI, the applicable guideline range for a Grade B violation is 21 to 24 months of imprisonment.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least 1 month but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than 6 months but not more than 10 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. (18 U.S.C. § 3553(a)(2)(B)–(D))

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(4) and 28 U.S.C. § 994(a)(3))

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(5))

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. (18 U.S.C. § 3553(a)(6))

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Analysis

The Defendant pled "true" to Allegation 1 in the petition that alleges that he violated a standard condition of release by using amphetamine and methamphetamine as evidenced by positive urinalysis tests on May 25, 2017, June 6, 2017 and June 26, 2017. Based upon the

Defendant's plea of "true" to this allegation in the Petition for Warrant or Summons for Offender under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of his supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and his criminal history category is VI. The policy statement range in the Guidelines Manual, read together with the applicable statutory maximum sentence, is 8 to 14 months of imprisonment. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation, together with the aforementioned statutory sentencing factors, will best be served by a prison sentence of 14 months with no further supervised release.

## VII. Recommendation

It is recommended that the Court find that the Defendant violated a standard condition of release by using amphetamine and methamphetamine. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

Defendant should be sentenced to a term of 14 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is recommended that the Court include a recommendation to the Bureau of Prisons to designate Defendant to FCI Ft. Worth, alternatively to FCI Seagoville, to facilitate family visitation and to accommodate Defendant's medical and mental health care, and to enroll Defendant in mental health treatment.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights on the record and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 14 months with no further supervised release.

So ORDERED and SIGNED this 3rd day of April, 2018.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE